UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| NAKOTA MOORE,<br><br>　　　　　　　Petitioner,<br>vs.<br><br>ALEX REYES, WARDEN, ATTORNEY GENERAL OF SOUTH DAKOTA,<br><br>　　　　　　　Respondents. | 5:24-CV-005032-CBK<br><br>ORDER |

　　　Petitioner was convicted in the Seventh Judicial Circuit, Pennington County, South Dakota, # 51CRI18-004887, of aggravated assault against a law enforcement officer and was sentenced on December 15, 2020, to 22 years imprisonment. The written judgment was entered on December 18, 2020. Petitioner did not appeal his conviction and sentence to the South Dakota Supreme Court. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 20, 2024, challenging the 2020 conviction.

　　　Petitioner has filed a motion to proceed *in forma pauperis* without the prepayment of the filing fee. I find that petitioner is indigent.

　　　I have conducted an initial consideration of the petition, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

　　　Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year period of limitations begins to run from the latest of:

　　　　　(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The one-year period of limitations began to run in this case on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not appeal his conviction or sentence to the South Dakota Supreme Court. Pursuant to SDCL 23A-32-15, "[a]n appeal from a judgement must be taken within thirty days after the judgment is signed, attested, and filed." Petitioner's conviction became final at the latest on January 17, 2021, 30 days from the date the judgment was entered.

The instant federal habeas petition was filed over three years after the conviction petitioner challenges became final. Petitioner did not file a state court petition for a writ of habeas corpus. Petitioner states in the federal petition that such a petition was mailed at the same time as the instant federal petition. Petitioner states that the federal petition was filed as a protective petition and moves to stay and hold the federal petition in abeyance pending state court review.

The United States Supreme Court has held that stay and abeyance "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims

in state court prior to filing his federal petition." Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005). Stay and abeyance is only available in limited circumstances. *Id.* at 277, 125 S. Ct. at 1537. Since the period of limitations is tolled during the time a state court petition is pending, it is not necessary to stay or hold a federal petition in abeyance unless there is a mixed petition containing claims that were properly exhausted and claims that petitioner is still seeking to exhaust in state court. That is not the case here. No claims have been exhausted in state court.

The petition in this case is untimely, having been filed over two years after the expiration of the period of limitations. Even if petitioner has now sought state court habeas relief, any federal petition is untimely. *See* Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). *Accord,* Boston v. Weber, 525 F.3d 622, 625-26 (8th Cir. 2008). The one-year statute of limitation period is tolled during the time in which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006). No such petition was filed within the period of limitations. The federal petition is untimely.

The United States Supreme Court has suggested that when the court acts *sua sponte* in dismissing a habeas petition as untimely, it should give the parties "fair notice and an opportunity to present their positions." Day v. McDonough, 547 U.S. 198, 210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006).

Now, therefore,

IT IS ORDERED:

1. Petitioner's motion, Doc. 2, to proceed *in forma pauperis* without the prepayment of the $5.00 filing fee is granted.

2. Petitioner's motion, Doc. 4 to stay and hold in abeyance the petition is denied.

3

3. Petitioner shall, on or before July 26, 2024, set forth cause, if any, why the petition should not be dismissed as untimely. Failure to do so will result in dismissal.

DATED this 5th day of July, 2024.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge